IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| TERRY N. JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | 8:12CV244 |
| | ) | |
| v. | ) | |
| | ) | |
| VINCE EDWARDS, Branch | ) | MEMORANDUM AND ORDER |
| Contract Manager, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his complaint in this matter on July 13, 2012 (Filing No. 1). Plaintiff has previously been given leave to proceed in forma pauperis (Filing No. 5). The Court now conducts an initial review of plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

### I.   SUMMARY OF COMPLAINT

Plaintiff filed his complaint in this matter against his previous employer, First Student, several individual employees of First Student and the Omaha Public Schools, and numerous other individuals (Filing No. 1 at CM/ECF pp. 1-2). Plaintiff sues defendants for race discrimination under Title VII of the Civil Rights Act of 1964. (*Id.* at CM/ECF pp. 1-8.)

Plaintiff alleges that he worked as a bus driver for First Student in the Omaha Public School system from 2008 until his termination on or around August 18, 2010. (*Id.*) Plaintiff alleges that defendant Rollerson made false reports to First

Student management accusing him of being a "derelict," questioning whether plaintiff should be "on the bus" with young women alone, and making numerous other "false statements" regarding plaintiff's character and work performance.  (*Id.* at CM/ECF pp. 5-6.)  Plaintiff attempted to report defendant Rollerson's behavior to defendant Goossen, but defendant Goossen ignored plaintiff and took no action.  (*Id.* at CM/ECF p. 5.) Plaintiff was also called "Nigger" by other drivers, but "Management sat back and just listened" without taking action. (*Id.* at CM/ECF p. 6.)  Further, although First Student claimed that plaintiff's termination was due to recent performance problems and conflicts with a principal at one school, plaintiff drove his bus route adequately.  In the event that plaintiff was running late due to maintenance issues beyond his control, he always communicated with dispatch.  (*Id.* at CM/ECF pp. 2-4.)

Plaintiff filed a charge of discrimination and received a right-to-sue letter from the Equal Opportunity Employment Commission ("EEOC").  (*Id.* at CM/ECF p. 11.)  Plaintiff seeks reinstatement to his bus driver position and a "public apology" from the "Management team of First Student."  (*Id.* at CM/ECF p. 9.)

**II.  APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW**

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate.

*See* 28 U.S.C. § 1915(e)(2). The Court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

### III. DISCUSSION OF CLAIMS

Liberally construed, plaintiff's claims are brought pursuant to Title VII of the Civil Rights Act. Title VII states

that it is unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to her compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1).

In order to set forth a prima facie case of race discrimination under Title VII, a plaintiff must allege that he (1) is a member of a protected class; (2) was meeting the legitimate expectations of his employer; (3) suffered an adverse employment action; and (4) that circumstances exist which give rise to an inference of discrimination. *See Wheeler v. Aventis Pharm.*, 360 F.3d 853, 857 (8th Cir. 2004). In addition, prior to filing a suit in federal court under Title VII, a plaintiff is required to exhaust his administrative remedies by first seeking relief through the EEOC or the NEOC. The EEOC/NEOC will then investigate the charge and determine whether to file suit on behalf of the charging party or make a determination of no reasonable cause. If the EEOC/NEOC determines that there is no reasonable cause, the agency will then issue the charging party a right-to-sue notice. 42 U.S.C.A. § 2000e-5(f)(1); *see also Hanenburg v. Principal Mut. Life Ins. Co.*, 118 F.3d 570 (8th Cir. 1997). The charging party has 90 days from the receipt of the right-to-sue notice to file a civil complaint based on his

charge.  42 U.S.C.A. § 2000e-5(f)(1).  The civil complaint may only encompass issues that are reasonably related to the substance of charges timely brought before the EEOC/NEOC. *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 222 (8th Cir. 1994).

Here, granting the complaint the most liberal construction, plaintiff alleges that he is a member of a protected class and that his work performance was satisfactory (Filing No. 1 at CM/ECF pp. 1-8).  Plaintiff further alleges that he suffered an adverse employment action when co-workers repeatedly lied about his character and work performance, resulting in his termination.  (*Id.*) He claims other co-workers called plaintiff "Nigger," and First Student management took no action.  (*Id.*)  Plaintiff also alleges that he exhausted his administrative remedies by presenting his claims to the NEOC/EEOC.  (*Id.* at CM/ECF p. 11.)  The Court finds that these allegations are sufficient to nudge plaintiff's Title VII claims across the line from conceivable to plausible.  However, the Court cautions plaintiff that this is only a preliminary determination based on the allegations of the complaint and is not a determination of the merits of plaintiff's claims or potential defenses thereto.

The Court notes that plaintiff names 28 separate defendants in this matter.  The Court is mindful that a complaint

that only lists a defendant's name in the caption or elsewhere in the complaint, without alleging that the defendant was personally involved in the alleged misconduct, fails to state a claim against that defendant.  See *Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003) (citing *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (holding that the court properly dismissed a pro se complaint where the complaint did not allege that defendant committed a specific act and the complaint was silent as to defendant except for his name appearing in caption)).  Here, plaintiff has asserted one claim –- a Title VII race discrimination claim based on his employment at First Student.  Plaintiff alleges conduct by the following defendants giving rise to that claim:  First Student, Vince Edwards, Phillip O'Donnell, Josh Goossen, Denise Rollerson, Raymond Burt, and Miss McGee (first name unknown) (Filing No. 1).  All other defendants are either only named in the caption of the complaint, or are mentioned briefly in the complaint without any allegations relating to their specific involvement in the alleged racial discrimination.  (*Id.*)  Thus, all defendants other than the seven listed in this paragraph will be dismissed.

　　　　　IT IS ORDERED:

　　　　　1.   Plaintiff's Title VII race discrimination claims against defendants First Student, Vince Edwards, Phillip O'Donnell, Josh Goossen, Denise Rollerson, Raymond Burt, and Miss

McGee (first name unknown) may proceed and service is now warranted. All other defendants are dismissed from this matter without prejudice.

      2.   To obtain service of process on defendants, plaintiff must complete and return the summons forms which the clerk of the court will provide. The clerk of the court shall send SEVEN (7) summons forms and SEVEN (7) USM-285 forms to plaintiff together with a copy of this Memorandum and Order. Plaintiff shall, as soon as possible, complete the forms and send the completed forms back to the clerk of the court. In the absence of the forms, service of process cannot occur.

      3.   Upon receipt of the completed forms, the clerk of the court will sign the summons forms, to be forwarded with a copy of the Complaint, to the U.S. Marshal for service of process. The Marshal shall serve the summonses and complaint without payment of costs or fees. Service may be by certified mail pursuant to [Fed. R. Civ. P. 4](#) and Nebraska law in the discretion of the Marshal. The clerk of the court will copy the complaint, and plaintiff does not need to do so.

      4.   [Fed. R. Civ. Pro. 4](#) requires service of a complaint on a defendant within 120 days of filing the complaint. However, because in this order plaintiff is informed for the first time of these requirements, plaintiff is granted an

extension of time until 120 days from the date of this order to complete service of process.

     5.   Plaintiff is hereby notified that failure to obtain service of process on a defendant within 120 days of the date of this order may result in dismissal of this matter without further notice as to such defendant.  A defendant has twenty (20) days after receipt of the summons to answer or otherwise respond to a complaint.

     6.   The clerk of the court is directed to set a pro se case management deadline in this case with the following text: "**January 30, 2013**:  Check for completion of service of summons."

     7.   The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this Court.  Plaintiff shall keep the Court informed of his current address at all times while this case is pending.  Failure to do so may result in dismissal.

     DATED this 4th day of October, 2012.

                    BY THE COURT:

                    /s/ Lyle E. Strom
                    _____
                    LYLE E. STROM, Senior Judge
                    United States District Court

---

     * This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the Court has no agreements with any of these third parties or their Web sites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.