IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| TERRY N. JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | 8:12CV244 |
| | ) | |
| v. | ) | |
| | ) | |
| VINCE EDWARDS, Branch | ) | MEMORANDUM AND ORDER |
| Contract Manager, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on its own motion. The record reflects the United States Marshals Service ("Marshals Service") attempted to effect service on defendant Miss McGee by certified mail at the address provided by plaintiff (Filing No. 18). On December 21, 2012, the certified mail was returned because it was "not deliverable as addressed." (*Id.* at CM/ECF pp. 3-4.)

Federal Rule of Civil Procedure 4 requires that service of process be completed "within 120 days after the complaint is filed." Fed. R. Civ. P. 4(m). Here, the Marshals Service's attempt to serve Miss McGee, as directed by plaintiff, was ineffective. Without effective service of summons, this case cannot proceed against Miss McGee.

Plaintiff will be given an additional 45 days to properly serve Miss McGee. Plaintiff should note that it is his duty to determine Miss McGee's whereabouts, not the duty of the Marshals Service or the clerk's office. See *Gray v. Rose*, 2009

WL 2132623, at *3 (S.D. Ohio 2009) ("The fact that this defendant could not be effectively served with process at that address is chargeable to plaintiff, not to either the Clerk or the Marshal."); *see also* Gustaff v. MT Ultimate Healthcare, 2007 WL 2028103, at *3 (E.D. N.Y. 2007) ("The United States Marshals Service cannot investigate defendant's whereabouts, nor can the court. That is Plaintiff's responsibility.")

IT IS ORDERED:

1. Plaintiff is given an additional 45 days in which to serve Miss McGee with summons.

2. The clerk's office shall send ONE summons form and ONE USM-285 form to plaintiff, together with a copy of this Memorandum and Order. Plaintiff must, as soon as possible, complete and return the forms to the clerk's office. In the absence of the forms, service of process cannot occur.

3. Upon receipt of the completed forms, the clerk's office will sign the summons form, to be forwarded with a copy of the complaint to the Marshals Service for service of process. The Marshals Service shall serve the summons and complaint without payment of costs or fees pursuant to Federal Rule of Civil Procedure 4. Service may be by certified mail pursuant to Federal Rule of Civil Procedure 4 and Nebraska law in the discretion of the Marshals Service. The clerk's office will copy the complaint, and plaintiff does not need to do so.

    4.   Plaintiff is notified that failure to obtain service of process on Miss McGee within 45 days will result in dismissal of this matter without further notice as to Miss McGee. Miss McGee has 21 days after receipt of the summons to answer or otherwise respond to the complaint.

    5.   In accordance with General Order 2007-12, the Court will issue a progression order after the last defendant has answered. No discovery shall take place until such a progression order is entered.

    6.   The clerk's office is directed to set a pro se case management deadline in this case with the following text: March 22, 2013: Check for completion of service of summons, and enter progression order as to the defendants who have answered.

DATED this 5th day of February, 2013.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court

---

\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the Court has no agreements with any of these third parties or their Web sites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.