```
            IN THE UNITED STATES DISTRICT COURT FOR THE

                          DISTRICT OF NEBRASKA

TERRY JOHNSON,                 )
                               )
              Plaintiff,       )        8:12CV244
                               )
         v.                    )
                               )
MR. VINCE EDWARDS, Branch      )        ORDER
Contract Manager, MR. PHILLIP  )
O'DONNELL, Operation Contract  )
Manager, MR. JOSH GOOSSEN,     )
Contract Manager, MISS DENISE  )
ROLLERSON, Dispatcher, MISS    )
McGEE, Principal and           )
employee of O.P.S., MR.        )
RAYMOND BURT, Lead Dispatcher, )
FIRST STUDENT,                 )
                               )
              Defendants.      )
_____)
```

This matter is before the Court on the plaintiff's motion to extend time to find an attorney (Filing No. 44). In September 2013, a final progression order was entered in this case (Filing No. 42) setting trial for September 2, 2014. In anticipation of this trial, the Court requested that Terry Johnson ("Johnson") seek representation or prepare to represent himself. The Court asked Johnson to inform it of his progress on September 20, 2013. He has been unable to obtain counsel.

On November 21, 2013, defense counsel sent Johnson a discovery request (Filing No. 44). Johnson sent a letter to this Court requesting an extension to respond to the discovery

request.  The Court did not rule on the motion, but instead asked Johnson to file a status report as to his progress by January 10, 2014 (Filing No. 45).

On January 10, 2014, Johnson filed his status report (Filing No. 46).  In that letter, Johnson stated that he was "waiting for [the Court] to appoint me with a Lawyer and still planning to show up for the August, 18, 2014 court date."  The Court cannot appoint a lawyer for the plaintiff in this matter.  "Indigent civil litigants do not have a constitutional or statutory right to appointed counsel."  *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996) (citing *Edgington v. Missouri Dep't of Corrections*, 52 F.3d 777, 780 (8th Cir. 1995).  Furthermore, this is a civil matter and no party is the subject of a criminal prosecution.

IT IS ORDERED that defendant's motion for extension of time (Filing No. 44) is denied.

DATED this 7th day of February, 2014.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court