IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| TERRY JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | 8:12CV244 |
| | ) | |
| v. | ) | |
| | ) | |
| MR. VINCE EDWARDS, Branch | ) | MEMORANDUM AND ORDER |
| Contract Manager, MR. PHILLIP | ) | |
| O'DONNELL, Operation Contract | ) | |
| Manager, MR. JOSH GOOSSEN, | ) | |
| Contract Manager, MISS DENISE | ) | |
| ROLLERSON, Dispatcher, MISS | ) | |
| McGEE, Principal and | ) | |
| employee of O.P.S., MR. | ) | |
| RAYMOND BURT, Lead Dispatcher, | ) | |
| FIRST STUDENT, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court on the motion (Filing No. 53) of the defendants to compel 26(a) disclosures and for continuance. The defendants have also filed a brief (Filing No. 54) with an accompanying index of evidence therein. The Court will grant the defendants' motion.

I.   BACKGROUND

This is a *pro se*, *in forma pauperis* discrimination case, where the plaintiff, Terry Johnson ("Johnson"), claims that his former employer and several of his supervisors discriminated against him and that discrimination led to his firing (Filing No. 1). In September 2013, the Court scheduled trial in this case

for September 2, 2014 (Filing No. 42).  After various discovery issues delayed the case's progress, the Court ordered Johnson to answer discovery requests or face dismissal for failure to prosecute (Filing No. 51).

The defendants want to compel Johnson's Rule 26(a) disclosures.  Under the Court's final progression order, the parties should have exchanged Rule 26(a) mandatory initial disclosures on October 4, 2013 (Filing No. 41, at 1).  Neither party has delivered its Rule 26(a) disclosures (*see generally* the Docket, 8:12CV244 (lacking any notice of 26(a) initial disclosure service)).  Because Johnson has not provided his Rule 26(a) disclosure, the defendants were unable to prepare for their deposition of Johnson and they postponed the deposition until Johnson produced such documents.  This, and the delayed discovery production, justifies the continuation of trial.  The trial will be rescheduled.

II.  RULE 26(a)

Federal Rule of Civil Procedure 26 is a crucial rule that governs discovery and the duty of the parties to disclose information to one another.  Subsection 26(a) requires the parties to disclose the following information to one another.

**(A)** *In General.* . . . [A] party must . . . provide to the other parties:

**(i)** the name and, if known, the address and telephone number of each individual likely to have discoverable information -- along with the subjects of that information -- that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

**(ii)** a copy -- or a description by category and location -- of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;

**(iii)** a computation of each category of damages claimed by the disclosing party -- who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and

**(iv)** for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

Fed. R. Civ. P. 26(a)(1)(A). The parties shall deliver these materials to one another.

Also illustrative of the Rule 26(a) disclosure is subsection 26(a)(1)(E) which states the following:

> **(E)** *Basis for Initial Disclosure; Unacceptable Excuses.* A party must make its initial disclosures based on the information then reasonably available to it. A party is not excused from making its disclosures because it has not fully investigated the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures.

Fed. R. Civ. P. 26(a)(1)(E). Rule 26(a) does not require a format for these disclosures, but it does state that parties must deliver information that is reasonably available to them. *Id.*

The Court reminds the parties that they also have a continuing duty to disclose -- or supplement -- newly discovered information when a party learns that "in some material respect the [initial] disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e). Failure to deliver the initial disclosures by the following date may result in dismissal. Accordingly,

IT IS ORDERED:

1)   The Final Progression Order shall be amended as follows:

>    A.   Mandatory Disclosures no later than July 14, 2014.
>
>    B.   Complete Deposition no later than July 28, 2014.
>
>    C.   Trial is rescheduled for:
>
>    **October 6, 2014, at 9 a.m.,**
>
>    Courtroom No. 5, Roman L. Hruska United States Courthouse, 111 South 18th Plaza, Omaha, Nebraska.

2)   The Mandatory Disclosures shall contain the following information:

>    A.   The name of each individual likely to have discoverable information;
>
>    B.   If known, the address and telephone number of each individual likely to have discoverable information;
>
>    C.   The subjects of that discoverable information that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;
>
>    D.   Copies (or a description by category and location) of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment; and, if applicable,
>
>    E.   Any insurance agreement under which an insurance business may be liable to satisfy all or

        part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

3) Johnson must deliver computations of each category of damages claimed by him and make available for inspection and copying as under Rule 34 those documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.

DATED this 3rd day of July, 2014.

                BY THE COURT:

                /s/ Lyle E. Strom
                _____
                LYLE E. STROM, Senior Judge
                United States District Court